IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff ERIC ROJAS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>AARAV HOSPITALITY LLC,<br><br>    Defendant. | CASE NO.  22-cv-7486<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 *et seq*.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq*.)<br><br>3. Violations of the California Health and Safety Code, §§19955 *et seq*. |

Plaintiff ERIC ROJAS ("Plaintiff") hereby complains of Defendant AARAV HOSPITALITY LLC ("Defendant") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Ocean Lodge" located at or about: 1015 Ocean St, Santa Cruz, California.

2. Plaintiff is physically disabled and requires the use of a wheelchair.

3. Defendant's lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Ocean Lodge and has been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. Plaintiff is and at all times relevant herein was a qualified individual with a physical disability. Plaintiff sustained multiple thoracic spinal fractures in a motor vehicle collision in 2006. Consequently, Plaintiff suffers partial paralysis of his muscles of the trunk, and complete paralysis of his bilateral lower extremities. As a result, Plaintiff is unable to walk and is dependent on a wheelchair for mobility for the rest of his life. Plaintiff possesses a disabled parking placard issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces, and is a resident of San Jose, California.

8. Defendant is and was the owner, operator, lessor and/or lessee of the subject business, property, and buildings at all times relevant to this Complaint.

9. Defendant failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendant's failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

**FACTUAL ALLEGATIONS**

10. Defendant has discriminated against Plaintiff because Ocean Lodge's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendant has failed and refuses to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Ocean Lodge.

11. Ocean Lodge and its facilities, including but not limited to its entrances/exits, parking, interior paths of travel, transaction counters, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51 *et seq.*

12. On information and belief, Ocean Lodge and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Ocean Lodge's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

13. Plaintiff likes to go to Santa Cruz frequently and take part in fishing and crabbing at the Wharf. Plaintiff visited Santa Cruz on August 3, 2021, and decided to make a reservation with his girlfriend for an overnight stay at Ocean Lodge.

14. After parking at Ocean Lodge, Plaintiff made his way to the front desk to reserve a room.

Reaching the front desk at Ocean Lodge, however, proved to be extremely challenging. First, the ramp serving the office where the front desk was located did not have properly sized landing at the top and bottom of the ramp making it difficult and unsafe for Plaintiff to maneuver. Second, the office door did not have adequate clearance to allow Plaintiff to easily enter the office.

15. Plaintiff requested an accessible room, but the provided room turned out to be profoundly inaccessible. For example, there was a threshold at the entrance door in excess of half an inch, requiring application of force to overcome it; the space between two beds was less than 36 inches and it did not allow Plaintiff to maneuver his wheelchair; the bathroom door did not provide at least 32 inches of passing clearance; there was no clear space under the sink; there were no grabs bars for Plaintiff to use, and there was inadequate turning space inside of the bathroom for Plaintiff's wheelchair.

16. Despite his frustrations, Plaintiff could and would stay at the Ocean Lodge in the future if it is made accessible to him. He is deterred from returning because Ocean Lodge continues to be inaccessible to him.

17. Before filing this lawsuit, Plaintiffs' legal representative did an informal investigation of Ocean Lodge. While he could not make detailed measurements, he determined that Ocean Lodge was also inaccessible in multiple other ways, including, but not limited to, the following barriers related to Plaintiff's disabilities: (1) No directional signage at office ramp; (2) Upon information and belief, the slope of the office ramp exceeded 8.33%; (3) No accessible path of travel between rooms and office; (4) No accessible path of travel to vending machines; (5) Must pass behind parked cars from designated accessible parking; (6) No tow away signage; and (7) No accessible parking signage. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

18. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis following the

1  filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of
2  trial as to subsequent events, according to proof.
3  19.  Defendant knew, or should have known, that these elements and policies rendered Ocean
4  Lodge inaccessible, violate state and federal law, and interfere with and/or deny access to
5  individuals with similar mobility disabilities. Upon information and belief, Defendant has the
6  financial resources to remove these barriers and make Ocean Lodge accessible to persons with
7  physical disabilities. To date, however, Defendant refuses to remove those barriers or to provide
8  full and equal access to Ocean Lodge.
9  20.  As a result of Defendant's actions and failures to act and failure to provide disabled
10  access, Plaintiff suffered a denial of his civil rights, emotional discomfort, and denial of rights to
11  full and equal access to public accommodations, all to his general, special, and statutory damages.
12  On each such denial of access, Plaintiff has encountered barriers to full and equal access which
13  have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek
14  legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to
15  federal and state law.
16  21.  Plaintiff's goal in this suit is a positive one: to make Ocean Lodge fully accessible to
17  persons with similar mobility disabilities.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE ADA, TITLE III**

**[42 USC 12101 *et seq.*]**

21  22.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
22  allegations contained in all paragraphs of this Complaint and incorporates them herein as if
23  separately repled.
24  23.  Plaintiff was at all times relevant herein a qualified individual with a disability as defined
25  by the ADA, as he has impairments that substantially limit one or more major life activities.
26  24.  Plaintiff has reasonable grounds for believing he will be subjected to discrimination each
27  time that he may attempt to access and use the subject facilities.
28

5

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

25. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7)(A).

26. The acts and omissions of Defendant set forth herein was in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq.*

27. Plaintiff alleges on information and belief that Ocean Lodge was designed and/or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing and/or constructing Ocean Lodge in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

28. The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to access the front desk with ease and have an accessible room is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access (including access to the front desk and wheelchair accessible rooms) do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable to remove. Also, as noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

29. Plaintiff alleges on information and belief that Ocean Lodge was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA.

30. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by:

    a) providing benefits to Ocean Lodge that are unequal to that afforded to people

without disabilities;

b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Ocean Lodge to individuals with disabilities;

c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

d) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Ocean Lodge available through alternative methods if such methods are readily achievable.

31. On information and belief, as of the date of Plaintiff's visit to Ocean Lodge and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of § 12182 and § 12183 of the ADA.

32. Pursuant to the ADA, 42 U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

33. Plaintiff seeks relief pursuant to remedies set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT

**[Cal. Civil Code 51 *et seq.*]**

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

35. Ocean Lodge is a business establishment within the meaning of the Unruh Act. Defendant is the owner and operator of a business establishment.

36. Defendant violated the Unruh Act by its acts and omissions, as follows:

    a) Failure to construct and/or alter Ocean Lodge in compliance with state building code and state architectural requirements;

    b) Failure to remove known barriers to access at Ocean Lodge;

    c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of Ocean Lodge; and Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

37. Plaintiff has experienced barriers to access at Ocean Lodge, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. Further, on information and belief, Ocean Lodge and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access render Ocean Lodge and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to Plaintiff.

40. Each violation of the ADA constitutes a separate and distinct violation of California Civil

Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

41. With respect to Defendant's violations of the Unruh Act that are not predicated on violations of the ADA, Defendant's behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Ocean Lodge. Defendant's discriminatory practices and/or policies that deny full enjoyment of Ocean Lodge to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Accordingly, Defendant has engaged in willful affirmative misconduct in violating the Unruh Act.

42. On information and belief, the access features of Ocean Lodge have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities to Plaintiff.

43. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendant failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated persons with disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

[Cal. Health and Safety Code §§19955 *et seq.*]

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

46. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

47. On information and belief, portions of Ocean Lodge and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Ocean Lodge and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Ocean Lodge to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

48. Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Ocean Lodge and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

49. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association

Specifications and/or those contained in the California Building Code.

50. Ocean Lodge is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

51. As a result of the actions and failure to act of Defendant, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California;

2. Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures -- including but limited to: failing to remove known architectural barriers at Ocean Lodge so as to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Ocean Lodge in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities;

3. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:

    a) From continuing the unlawful acts, conditions, and practices described in this Complaint;

     b) To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Ocean Lodge;

     c) To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Ocean Lodge;

     d) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

     e) To maintain such accessible facilities once they are provided;

     f) To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Ocean Lodge;

     g) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at Ocean Lodge.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. 12205; the Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure 1021.5;

7. Plaintiff requests prejudgment interest pursuant to California Civil Code 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests such other and further relief as this Court may deem just and proper.

Date: November 28, 2022                              ALLACCESS LAW GROUP


                                                       _/s/ Irakli Karbelashvili_
                                                       By IRAKLI KARBELASHVILI, Esq.
                                                       Attorney for Plaintiff
                                                       ERIC ROJAS


## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: November 28, 2022                              ALLACCESS LAW GROUP


                                                       _/s/ Irakli Karbelashvili_
                                                       By IRAKLI KARBELASHVILI, Esq.
                                                       Attorney for Plaintiff
                                                       ERIC ROJAS

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES